

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00547-CR
_____

RYAN LANE MESTAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3598; Honorable Stuart M. Messer, Presiding

August 5, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Ryan Lane Mestas, was convicted by a jury of ten counts of possession of child pornography.[1]  By a separate judgment as to each count, he was assessed a sentence of ten years confinement and a fine of $5,000.  The trial court ordered that the judgments pertaining to counts two through ten be served concurrent to

---

[1]See TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2014).  An offense under this section is a third degree felony.  Id. at § 43.26(d).

one another and consecutive to the judgment pertaining to count one. Appellant contends the trial court abused its discretion by (1) denying Appellant's motion to suppress evidence; (2) permitting the State to introduce evidence that Appellant's semen was found on two articles of children's clothing; and (3) the evidence is legally and (4) factually insufficient to support his convictions. We affirm.

## BACKGROUND

In July 2012, an amended indictment charged Appellant with committing four counts of possession of child pornography on or about March 10, 2011, and six counts on or about July 14, 2011. Each count alleged the possession of a specific pornographic image, identified as a JPEG image, contained on a flash drive.[2] More specifically, the indictment alleged Appellant possessed ten images of children engaging in sexual intercourse, lewd exhibition of genitals, deviate sexual intercourse or sexual contact.

### *MOTION TO SUPPRESS*

Appellant's wife, Angela Mestas, originally discovered what she believed was child pornography on a black Motorola cellphone belonging to the couple. She then searched their community residence where she located additional items she suspected contained similar images. On August 18, 2011, Angela delivered those devices to Hall County Sheriff, Timothy Wiginton, who then transferred them to Texas Ranger, John Foster. On August 19th, Foster obtained Angela's voluntary consent to forensically

---

[2] In the world of digital photography, JPEG is a standard method of storing photographic images where the individual files are customarily identified by the .jpg suffix. At trial the flash drive was also described as a "USB thumb drive."

2

search the devices for suspected child pornography. During this period of time, Angela also happened to be a Justice of the Peace for Hall County.

During its investigation, the State discovered that pornographic images were stored as electronic/digital data on eight different electronic devices: an Apevia computer, a Mac laptop, a white iPod, four USB thumb drives and the black Motorola cellphone. In June 2012, Appellant filed a motion to suppress evidence obtained by the State alleging that "[t]he actions of the Justice of the Peace Angela Mestas violated the constitutional and statutory rights of [Appellant] under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure." At the conclusion of a hearing on Appellant's motion to suppress, the trial court denied the motion, finding Angela resided at the residence where the devices were found, had access to each device, had an ownership interest in the devices under community property principles, and consented to the forensic search of the devices by law enforcement officials.

### THE TRIAL

In November 2012, the trial court held a two-day jury trial. At the trial's conclusion, the jury returned a verdict of guilty on all ten counts of the amended indictment and sentenced Appellant to ten years confinement and a $5,000 fine for each count. The trial court ordered that the judgments pertaining to counts two through ten be served concurrent to one another and consecutive to the judgment pertaining to count one. This appeal followed.

**DISCUSSION**

**POINT OF ERROR ONE—MOTION TO SUPPRESS**

Appellant asserts the trial court erred by not suppressing certain electronic/digital evidence seized because his wife, acting as an agent for the State, conducted an illegal warrantless search of his computer files. In reviewing the trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We defer to the trial court's determination of historical facts that depend on credibility, while we review *de novo* the trial court's application of the law to those facts. *Id. See St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (finding the trial judge to be the "sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony"). An appellate court should sustain the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

Except to assert Angela searched the contents of Appellant's computer files while acting as an agent of the State through her capacity as Justice of the Peace, Appellant produced no evidence to show she was, in fact, acting in any capacity other than his wife. The State's evidence, on the other hand, showed the couple had been married for nine years, the electronic/digital devices were purchased or acquired during marriage, they were located in the community residence, Angela had used some or all of the devices in their home, the cellphone was on Angela's account, Angela had

4

access to and drove the vehicle where one of the devices was found, at the time the devices were seized there was a restraining order in effect granting Angela possession of the devices until their divorce was final, and Angela signed a consent-to-search form for all the devices.

Viewing the evidence in the light most favorable to the trial court's ruling, at the time of the search and seizure, Angela was Appellant's wife with unlimited access to the devices located at the couple's residence. As such, Appellant assumed the risk that his wife might consent to a search that would lead to discovery of the contents of those devices. *See Hubert v. State,* 312 S.W.3d 554, 560-61 (Tex. Crim. App. 2010). A third party may consent to a search to the detriment of another's privacy interest if the third party has actual authority over the place or thing to be searched, or if the third party shares common authority over the premises or property with the non-consenting person's interest. *Id.* at 560. *See Kohler v. State,* No. 01-05-00625-CR, 2012 Tex. App. LEXIS 3888, at *2-6 (Tex. App.—Houston [1st Dist.] May 17, 2012, no pet.) (mem. op., not designated for publication).

Furthermore, the trial court could reasonably have found Angela was not acting as an agent of the State under the facts of this case. A person who is not an officer or agent of an officer does not violate the exclusionary rule by taking property that is evidence of a crime, without the effective consent of the owner and with the intent to turn the property over to an agent for the State. *See Jenschke v. State,* 147 S.W.3d 398, 402 (Tex. Crim. App. 2004). Accordingly, we hold the trial court did not err in denying Appellant's motion to suppress. Appellant's first point of error is overruled.

Appellant next asserts the trial court abused its discretion by admitting evidence that his DNA matched semen on two articles of children's clothing. He contends the probative value of that evidence was substantially outweighed by its prejudicial effect. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court's decision not to exclude evidence, i.e., finding the probative value of the evidence is not outweighed by the danger of unfair prejudice, is entitled to deference. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or the needless presentation of cumulative evidence. TEX. R. EVID. 403. "Unfair prejudice" refers to more than the fact that the evidence has an adverse or detrimental effect on the defendant's case. *Casey v. State,* 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). "Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it." *Id.* Instead, "unfair prejudice" refers to "an *undue* tendency to suggest a decision on an improper basis, commonly an emotional one." *Id.* (emphasis added).

At trial, Appellant asserted in his opening statement and through cross-examination of witnesses that Angela downloaded the child pornography onto the

6

devices for either personal or nefarious purposes. Specifically, Appellant contended the charges in the indictment were trumped up by Angela in order to obtain an advantage in their divorce proceedings. Thus, there is at least a reasonable argument that the objected to evidence was admissible for the purpose of rebutting Appellant's defensive theory. *See Bass v. State,* 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

Furthermore, much of Appellant's argument regarding unfair prejudice simply asserts the evidence was *inherently* prejudicial. Failing to establish that the probative value of the evidence was *substantially outweighed* by the prejudicial effect of the evidence, Appellant failed to establish the evidence was subject to exclusion under Rule 403. *See Segundo v. State*, 270 S.W.3d 79, 87-88 (Tex. Crim. App. 2008). *See also Wyatt v. State,* 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) ("[a]ny evidence presented by the State is generally prejudicial to the defendant"). The trial court, therefore, did not abuse its discretion by deciding the evidence in question was admissible. *See Bass,* 270 S.W.3d at 563-64. Appellant's second point of error is overruled.

### POINTS OF ERROR THREE AND FOUR—SUFFICIENCY OF THE EVIDENCE

Appellant finally asserts the State's evidence was both legally and factually insufficient to establish he intentionally or knowingly possessed child pornography. In evaluating the sufficiency of evidence to support a conviction, the only standard a reviewing court should apply is the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In making that assessment, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on

7

that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When the record supports conflicting inferences, a reviewing court must "presume that the factfinder resolved the conflicts in favor of the prosecution" and defer to that determination. *Id.*

The sufficiency standard of review is the same for both direct and circumstantial evidence. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Wise*, 364 S.W.3d at 903 (citing *Geesa v. State*, 820 S.W.2d 154, 156 (Tex. Crim. App. 1991)). Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Wise*, 364 S.W.3d at 903 (citing *Hooper*, 214 S.W.3d at 13).

A person commits possession of child pornography if he "knowingly or intentionally possesses . . . visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" and he "knows that the material depicts the child" in this manner. TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2014). Visual material includes any physical medium that allows an image to be displayed on a computer and any image transmitted to a computer by telephone line, cable, satellite transmission, or other method. *Id.* at § 43.26(b)(3). "Sexual conduct" includes sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, and lewd exhibition of the genitals, the anus, or

8

any portion of the female breast below the top of the areola. *Id.* at § 43.25(a)(2) (West 2011).

A person possesses a thing when he exercises actual care, custody, control or management over the thing. *Id.* at § 1.07(a)(39) (West Supp. 2014). A person acts intentionally when it is his conscious objective or desire to engage in conduct or to cause the result. *Id.* at § 6.03(a) (West 2011). A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. *Id.* at 6.03(b). Proof of a culpable mental state almost invariably depends on circumstantial evidence, *see Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), and a trier of fact can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused. *See Dillon v. State*, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978).

Here, Appellant does not assert that he did not have care, custody, control or management of the devices found to contain pornographic images, or even whether the images stored thereon were child pornography. Instead, he contends the State failed to prove *he* knowingly or intentionally possessed child pornography because his wife's testimony that she was unaware of the child pornography on the devices was not to be believed, i.e., she had a vested interest in his incarceration due to the pending divorce proceedings. He further contends there is insufficient evidence to establish that *he* possessed the pornography because Foster agreed on cross-examination that, hypothetically, if Appellant had delivered the devices to him and claimed they belonged to Angela, Foster could have arrested his wife. Appellant's first contention goes to the weight and credibility of Angela's testimony which, judging from the verdict, the jury

9

found to be credible. *Wise,* 364 S.W.3d at 903 ("The factfinder exclusively determines the weight and credibility of evidence."). Regarding Appellant's second assertion, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt for its evidence to be sufficient. *Id.*

The State's evidence established the circumstances under which Angela discovered the devices found to contain child pornography, where she found the items and when she found them. Evidence established the Mac laptop was discovered between the mattresses under Appellant's side of the bed and a USB thumb drive containing pictures of underage girls in sexual situations was found in a Saturn vehicle (hidden in a compartment where the sunroof motor had been removed) belonging to the couple. Angela testified Appellant usually kept the Saturn locked and hid the keys in his pickup. Also, Sheriff Wiginton testified that he observed Appellant searching the Saturn in the area where the USB thumb drive had been discovered and that he became angry when he discovered the USB thumb drive was no longer there. Testimony further established the Motorola cellphone which contained a pornographic image was found in the pickup Appellant usually drove.

Furthermore, Angela testified she did not search for or download any pornographic images, nor did she create or use the screen name "BillyBob," which she found on the Apevia computer. She testified that Appellant admitted to her that "BillyBob" was a temporary email address he had used. Angela also testified that while Appellant was proficient at using computers, she was unfamiliar with programs loaded on the Mac laptop which Lannie Hilboldt, a forensic computer expert for the Attorney General's office, testified were commonly used by persons involved in child

pornography. In his testimony, Hilboldt identified child pornography images on two of the USB thumb drives, one of which had been hidden in the Saturn. He found pornographic images that had been on the Mac laptop were transferred to the thumb drive. He also opined that forensic evidence from the laptop indicated that the person downloading the child pornography would have been aware of what he was downloading and that the "BillyBob" user account found on the Apevia computer utilized search terms designed to locate child pornography on the Web. Electronic images of Appellant's penis were also recovered and articles of children's clothing were found with Appellant's semen on them. Hilboldt further opined that men, not women, typically collect child pornography.

Viewing all the evidence in the light most favorable to the jury's verdict, the jury could have reasonably rejected Appellant's claim that the images were downloaded by his former wife and could have instead determined that Appellant possessed the pornographic images of children found on the devices. That child pornography images were deleted and/or moved from the laptop to the USB thumb drives and *vice versa* is further evidence tending to show Appellant possessed or controlled the child pornography. *See Assousa v. State,* No. 05-08-00007-CR, 2009 Tex. App. LEXIS 3500, at *10-11 (Tex. App.—Dallas May 21, 2009, pet ref'd) (mem. op., not designated for publication). *See also Krause v. State,* 243 S.W.3d 95, 111-12 (Tex. App.—Houston 2007, pet. ref'd); *Savage v. State,* No. 05-06-00175-CR, 2008 Tex. App. LEXIS 1990, at *16-17 (Tex.App.—Dallas Mar. 19, 2008, pet. ref'd) (mem. op., not designated for publication); *Fridell v. State,* No. 09-04-201-CR, 2004 Tex. App. LEXIS 11501, at *7-8 (Tex. App.—Beaumont 2004, pet. ref'd) (mem. op., not designated for publication).

Based on this record, we find a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Appellant's third and fourth points of error are overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.